## JORDAN VS. BRADSHAW ET AL.

A sheriff's deed is evidence, under the statute (*sec.* 60, *chap.* 67, *·Digest,*) of the facts recited in it; but if such deed fail to recite all the facts required by the statute—as where it fails to recite the judgment under which the property was sold—it can furnish no evidence of the existence of such facts : and the party claiming under the deed, must prove them aliundè.

It is not necessary that an execution should issue within a year and a day to keep the judgment alive. (*Hanly vs. Carneal,* 14 *Ark.* 527.)

The issuance of an execution by a justice of the peace, upon a judgment rendered by him, and a return of *nulla bona* thereon, are pre-requisites to the filing of a transcript of such judgment in the Circuit Court and the issuance of execution therefrom : but a failure to comply with such pre-requisites, cannot affect the rights of strangers when brought up in a collateral proceeding, and can be taken advantage of by the defendant, only, in a direct proceeding.

A sheriff's deed for land sold under a judgment of a justice, need not recite the issuance of an execution by the justice and a return of *nulla bona* before the filing of the transcript of the judgment in the Circuit Court. Such facts may be proved by the certificate of the justice, to that effect, accompanying the transcript without the production of the original execution and return, or a certified copy thereof. ·

A sheriff's deed to the purchaser of land sold under execution, together with the Auditor's deed to the judgment debtor for the same land conveying a tax-title, sufficient evidence of the right of possession to maintain ejectment.

*Appeal from the Circuit Court of Pulaski County.*

This was an action of ejectment brought by Jordan against Bradshaw and Manuel, and determined in the Pulaski Circuit Court before the Hon. WILLIAM H. FEILD.

The plaintiff, to sustain the issue to the plea of *not guilty*, read in evidence a deed from the Auditor to James Mills for the land in controversy, which had been forfeited for non-payment of taxes ; and a deed from the sheriff of Pulaski county to him, reciting an execution against said Mills in favor of Asa G. Baker, but

omitting to recite the judgment, on which the execution issued, or its date, or where, or by whom rendered. The sheriff, however, in his acknowledgment of the deed, stated that the land was levied upon and sold under an execution issued from the office of the clerk of the Circuit Court upon a judgment rendered before a justice of the peace in favor of Asa G. Baker against James Mills.

The plaintiff also read in evidence, from the docket of judgments and decrees of the Circuit Court, the entry of a judgment therein between said parties, and a transcript of the proceedings and judgment in the case, before the justice of the peace, filed in the office of the clerk ; in which transcript it appeared to have been noted on the justice's docket, that execution had been issued on the judgment, and returned *nulla bona* by the constable.

He then read the execution from the Circuit Court, under which the sale was made, reciting the judgment before the justice, the issuance of execution and the return of *nulla bona*, and the filing of the transcript in the Circuit Court, together with the return of the sheriff showing the levy, &c., and sale to the plaintiff.

On motion of the defendants, the Circuit Court excluded from the jury the transcript of the proceedings and judgment of the justice ; filed in the Circuit Court, the execution that issued thereon and the return; and, also, the sheriff's deed to the plaintiff; and, thereupon, instructed the jury, in effect, that to entitle the plaintiff to recover, he must read in evidence either the original execution issued by the justice with the return of *nulla bona* thereon, or a certified copy of such execution and return.

The verdict and judgment being for the defendants, the plaintiff moved for a new trial, which was overruled, and he excepted and appealed to this court.

JORDAN, for the appellant.

BERTRAND and S. H. HEMPSTEAD, for the appellees.

Hon. THOMAS JOHNSON, Special Judge, delivered the opinion of the Court.

The first assignment of errors questions the propriety of the decision of the court below, in requiring the plaintiff to produce the judgment and execution, under which the land in controversy was sold, before he could read the sheriff's deed in evidence. The *60th section of chapter* 67, *of the Digest*, provides that "The officer who shall sell any real estate, or lease of lands for more than three years, shall make the purchaser a deed, to be paid for by the purchaser, reciting the names of the parties to the execution, the date when issued, the date of the judgment, order or decree and other particulars recited in the execution; also, a description of the time, place and manner of sale, which recital shall be received in evidence of the facts therein stated." There can be no question but that the sheriff's deed is evidence of the facts recited in it; for the statute is plain and positive upon the subject, and if the deed shall have recited all the facts required by the statute to constitute a complete transfer of all the right, title and interest, which the debtor had in and to the property sold, it is equally clear, that it should have been received as evidence of its recitals, and that too, without the introduction of the judgment and execution upon which it was founded. This court, in the case of *Newton vs. The State Bank*, 14 *Ark. Rep.* 10, said: "The act of the Legislature which requires the sheriff to recite the names of the parties, the date of the writ and of the judgment, together with a description of the time, place and manner of the sale, and which makes such recitals evidence of the facts so recited, was intended by the Legislature to supercede the necessity for producing the record from which such recitals were made as a matter of convenience and to furnish evidence of the authority under which the officer acted, as well as the manner in which he had executed his authority, in the deed itself. Not that the recitals should be conclusive evidence of the facts recited; for that would exclude all inquiry into the au-

thority under which the sheriff acted; but that it should be legal, competent evidence until falsified by evidence of a higher and more authentic character. The statute requires the deed to recite the names of the parties to the execution, the date when issued, the date of the judgment, order or decree, and other particulars recited in the execution, and, also, a description of the time, place, and manner of the sale." The deed exhibited in this case falls short of the requirements of the law, and that too in an essential particular; and, consequently, could not, of itself, and unsupported by other proof, have made such a case as would have entitled the plaintiff to recover. The deed is wholly silent as to the judgment; and, consequently, can furnish no evidence even of its existence, and much less of its date and filing in the Circuit Court. Without the provision of law already referred to, there can be no doubt of the necessity of laying a foundation for the introduction of the sheriff's deed by first producing the judgment or execution upon which it is founded; and, as a necessary consequence, the deed, to supersede the necessity of such a foundation, must show a full compliance with the statute. The Circuit Court, therefore, did not err in requiring the plaintiff in this case, to produce the judgment and execution before he could be permitted to read the deed in evidence. The plaintiff, in obedience to the order of the court, read in evidence the docket entry in respect of the transcript of the justice's judgment, the transcript of said judgment itself; and, also, the original execution issued to the sheriff of Pulaski county upon said transcript, and under which the plaintiff purchased the property in dispute, and also the deed from the sheriff to the plaintiff for said property. The defendants then moved to exclude each of the documents as evidence. The motion to exclude the transcript of the judgment of the justice was put upon the ground, that said judgment was dead before the transcript thereof was filed in the clerk's office, as it did not appear from said transcript that an execution had been issued thereon within a year and a day from the time of its rendition; also, upon the ground that the judgment was void, and further, that

the plaintiff had failed to show that an execution had issued on said judgment by the justice, and had been returned "no property found," before the transcript was filed in the clerk's office, and execution issued thereon by the clerk, which the defendant's counsel contended could only be shown by a transcript of such execution and return, or by producing the original; and thereupon, the court announced that inasmuch as said transcript of the justice did not embrace a transcript of such execution and return, he would sustain said motion, unless the plaintiff would produce and read in evidence such original execution and return thereon, or a certified copy thereof. The plaintiff having failed to produce either the original execution and return, or a certified copy thereof, the court excluded the transcript of the justice's judgment filed in the clerk's office, and the execution issued by the clerk, and the return of the sheriff thereon, and also the said deed executed by the sheriff to the plaintiff for the land in question. The first ground of the motion to exclude, was clearly untenable. It was not necessary under the law, that an execution should have been issued within a year and a day in order to keep the judgment alive, as the lapse of that period of time did not even raise a presumption of payment. This court in the case of *Hanly vs. Carneal*, 14 *Ark. Rep.* 527, said, that "by the *Revised Statutes -of* 1839, *Title*, LIMITATION, *sec.* 30, judgments and decrees thereafter rendered, are presumed to be paid and satisfied, after the expiration of ten years from their rendition, and by the act of December, 1844, repealing the 30th section referred to, the like period was adopted as a limitation of actions upon judgments. It is manifest that under our statute of limitations, fixing the period of ten years, as the life time of a judgment no conclusive presumption in law of payment can arise within that space of time, and that consequently there can be no necessity to issue executions from time to time to keep it alive. True it is, that the judgment of a justice of the peace is not a lien, *per se*, upon the property of the defendant, before it is filed in the Circuit Court: and, in that respect differs from that of the Circuit

Court, yet, inasmuch as no presumption of payment can arise from an omission to issue execution within a year and a day, we can see no good reason for taking a distinction between them in regard to the necessity of taking steps to keep them in life. We consider this the inevitable result of the doctrine laid down by this Court, in the case of *Hanly vs. Carneal*, already referred to. There is nothing appearing to show that the judgment is void, as contended by the defendants. The amount was within the jurisdiction of the justice, and the record shows upon its face that the justice had jurisdiction of the person of the defendant, as it purports to be by confession. The third and last reason assigned why the transcript of the justice's judgment ought to be excluded, was also badly taken. It is true, that an execution to be issued by the justice, and a return of *nulla bona*, are pre-requisites to the filing of the transcript of a judgment of a justice in the Circuit Court, and the issuance of execution therefrom, yet, it is not even necessary that the execution from the Circuit Court on such judgment, should recite the fact of such issuance and return of execution. See *Massey vs. Gardenhire*, 7 *Eng. R.* 638. So that the execution issued in this case by the clerk of the Circuit Court, and under which, the plaintiff purchased the property in dispute, need not have recited the facts of the issuance of the execution by the justice and return of *nulla bona* by the constable, but having so recited them, and such recital being supported by the certificate of the justice accompanying the transcript of the judgment, most assuredly made a *prima* case of their existence; and, consequently, the Circuit Court erred in excluding the justice's judgment upon that ground. The law authorizing a justice's judgment to be filed in the Court, and making it a lien on the real estate of the defendant from the time of the filing the transcript thereof, (*see Me...... Robins, Ex.,* 14 *Ark. R.* 602), does not require the .......... execution, or even a copy thereof to be filed with the judge, ......... it is, that it declares no execution shall be issued ............ Circuit Court thereon until an execution shall have ......... a justice, and returned that

the defendant has no goods or chattels, whereof to levy the same. The statute, in requiring the plaintiff, in a judgment rendered by a justice of the peace, to take out an execution and to have a return of *nulla bona* upon it before he can claim to have a transcript of such judgment filed in the Circuit Court, was designed alone for the benefit of the defendant, in order that his real estate should not be charged or sold, so long as he had personal property to satisfy such judgment. Such being the reason of that requirement of the statute, it is clear that an utter failure to comply with it, cannot affect the rights of strangers, when brought up in a collateral proceeding, but in no event could amount to any thing more than an irregularity, and as such to be taken advantage of alone by the defendant in the judgment, in a direct proceeding interposed for the purpose of quashing the process issued upon such judgment. We are clear, therefore, that the court below erred in excluding the transcript of the justice's judgment, the execution issued to the sheriff thereon, and the deed executed by the sheriff to the plaintiff. There can be no doubt or question in regard to the sufficiency of the evidence offered by the plaintiff to show, at least, a right of possession to the premises in controversy. It is not deemed necessary to decide, in the present attitude of the case, how far the showing made by the plaintiff, went to establish his title to the property, as he was entitled to recover, either upon his title or his right of possession. See *Dig.*, *ch.* 60, *sec.* 11. This is believed to cover all the ground occupied by the bill of exceptions, and to dispose of all the points properly presented by the record. The judgment of the Circuit Court of Pulaski county herein rendered, is therefore reversed, and the cause remanded, to be proceeded in, according to law, and not inconsistent with this opinion.

Mr. Chief Justice ENGLISH not sitting in this case.