May v. Borel.

MAY v. BOREL et al.

Where the vendee's agent, in the purchase of a tract of land, has actual notice of a mortgage on the premises at the time of purchase, the vendee will be presumed to have taken the property subject to the mortgage.

APPEAL from the Sixth District, County of Sacramento.

A statement of facts appear in the opinion of the Court.

Thos. Sunderland for Appellant.

Clark & Gass for Respondents.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

This was a bill filed in equity to enjoin the sale of certain real estate, and to set aside and cancel the mortgage made by the defendant, Jonghaus, to John H. Gass, and by him transferred with the note before due to defendant, Borel. On the third of January, 1856, the legal title to the property in question was in John H. Gass, who on that day conveyed it to Jonghaus. On the same day Jonghaus mortgaged the property to Gass as security for the payment of the note of two thousand dollars. The note and mortgage was delivered by Gass to a third party to be negotiated, and was, before maturity, assigned for a valuable consideration to defendant, Borel. On the ninth of January, at the instance of one R. H. Stanley, who was acting as the agent of the plaintiff, the deed from Gass to Jonghaus was destroyed, and another taken, conveying the same property with other property. Jonghaus then conveyed to Walker, who was a grantor of the plaintiff. At the time of the destruction of the first deed from Gass to Jonghaus, and the execution of the second, Stanley had notice of the existence of defendant's mortgage and of the first deed from Gass to Jonghaus.

Under these circumstances, we see no reason to doubt the correctness of the order dissolving the injunction. Plaintiff's agent having actual knowledge of the defendant's mortgage, plaintiff must be deemed to have taken the property subject to it.

Judgment affirmed.