[No. 4,067.]

## A. MONTGOMERY v. S. A. ROBINSON.

SHERIFF'S DEED AS EVIDENCE.—If a sheriff's deed recites enough to identify the judgment, and to show the authority of the officer to sell; that is, that the sale was made by virtue of an execution issued upon a judgment in an action, wherein ———— was plaintiff and ————was defendant, it is admissible in evidence as proof of transmission of title.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

Ejectment to recover lot 6 in block 15, in the town of Princeton, County of Colusa. The plaintiff recovered a judgment against Thomas Long in the County Court of Colusa County, on the 17th day of July, 1871. Long was at this time the owner of the demanded premises. In January, 1873, an execution was issued on the judgment, and the lot was sold to the plaintiff, by the sheriff. The judgment, execution, and return of the officer were first offered in evidence, and then the sheriff's certificate of sale.

The plaintiff then offered in evidence the sheriff's deed given after the time for redemption had expired. The defendant objected to the deed as irrelevant, immaterial, and incompetent, for the reason that it failed to show a transmission of the judgment debtor's title; that it did not recite or refer to the judgment under which the sale was made. The Court overruled the objection. The deed, after reciting the names, etc., of the parties to it, proceeded as follows:

" Whereas, by virtue of a writ of execution issued out of, and made under the seal of the County Court, of Colusa County, State of California, wherein A. Montgomery was plaintiff, and Thomas Long was defendant, and to the said sheriff directed and delivered, commanding him of the goods and chattels of the said Thomas Long, in his bailiwick, he should cause to be made certain moneys in the said writ specified, and if sufficient goods of the last named person could not be found, that then he should cause the amount of said judgment, " etc.

The defendant relied on a deed from Long to Springer, given September 19, 1871, and from Springer to himself, dated October 7, 1872. The plaintiff recovered judgment, and the defendant appealed.

*S. T. Kirk,* for the Appellant, argued that a sheriff's deed must show on its face that it was made under, and in pursuance of a judgment rendered, and it must recite the rendition of such judgment, and cited Blackwell on Tax Titles, p. 434; *Donahue* v. *McNulty,* 24 Cal. 411; and *Ingersoll* v. *Truebody,* 40 Cal. 603.

*W. F. Goad* and *J. T. Harrington,* for the Respondent, argued that the recitals of a judgment and execution were not indispensable in a sheriff's deed, but the judgment and execution could be proved by producing the same. They also claimed that the recitals in the deed were sufficient, and cited *Blood* v. *Light,* 38 Cal. 657.

By the Court, McKinstry, J.:

It was not error to overrule the objection ·to the sheriff's

deed. The judgment and execution were proved independently of the deed, and the deed itself recites enough to show the authority of the officer—that the sale was made under and by virtue of an execution issued upon a judgment of the County Court, in an action wherein A. Montgomery was plaintiff, and Thomas Long defendant. These facts bring the case within the rule laid down in *Clark* v. *Sawyer*, 48 Cal. 133. (See also *Blood* v. *Light*, 38 Cal. 657.)

Judgment affirmed.

Mr. Chief Justice WALLACE, did not express an opinion.