| 119 | 61 |
| 140 | 45 |
| 119 | 61 |
| 145 | 413 |

[L. A. No. 234.   Department One.—November 12, 1897.]

COUNTY BANK OF SAN LUIS OBISPO, Appellant, v. W. H. FOX et al., Defendants.  STELLA PAYNE MEADS, Respondent.

MORTGAGES—CONFLICT AND PRIORITY—PRIOR RECORDATION OF SECOND MORTGAGE—ACTUAL NOTICE—UNPROTECTED TRANSFER.—The prior recordation of a second mortgage does not give it priority over a first mortgage which is subsequently recorded, where the mortgagee named in the second mortgage had actual notice of the execution and existence of the prior note and mortgage when the second mortgage was executed, while such mortgage remains in the hands of the mortgagee, or of his assignee, who takes without consideration, or subsequently to the record of the first mortgage.

ID.—FORECLOSURE—CONFLICTING MORTGAGES—PLEADING—PROTECTION OF BONA FIDE ASSIGNEE OF SECOND MORTGAGE.—In a foreclosure suit, where there is a conflict as to priority of lien between an assignee of such second mortgage and the prior mortgagee, and it appears that the subsequent mortgagee, whose mortgage was first recorded, had actual notice of the prior mortgage, it devolves upon such assignee, in order to claim protection as a *bona fide* purchaser of the second mortgage for value, without notice of the prior mortgage, to plead and prove the facts essential to make him such *bona fide* purchaser, and to show that he took for value prior to the recordation of the first mortgage, and without actual notice thereof.

ID.—CONSTRUCTIVE NOTICE TO ASSIGNEE.—Where the court finds that the second mortgagee had actual notice of the prior mortgage, and there is neither allegation nor finding that any consideration was paid

for the assignment of the second mortgage, and it does not appear but that it may have been made after recordation of the first mortgage, the assignee of the second mortgage will be deemed chargeable with constructive notice of the prior mortgage, and a decree giving priority of lien to the first mortgage will be affirmed.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. V. A. Gregg, Judge.

The facts are stated in the opinion.

G. F. Witter, Jr., for Appellant.

G. & A. Webster, and William Shipsey, for Respondent.

BELCHER, C.—This is an action to foreclose a mortgage, and the only question in the case is as to which of two mortgages on the same land has priority.

The facts are in substance as follows: On October 8, 1892, the defendant, W. H. Fox, executed to the defendant, Stella Payne Meads, his promissory note for seven hundred and fifty dollars, and a mortgage to secure payment of the same on one hundred and sixty acres of land then owned by him. This mortgage was duly recorded November 4, 1892.

On October 10, 1892, Fox and his wife, Cynthia E. Fox, executed to the Farmers' Union of San Miguel their promissory note for four hundred and eighty dollars and twenty cents, and a mortgage to secure payment thereof on the same one hundred and sixty acres of land. This mortgage was duly recorded on the twelfth day of the same month. Subsequently, the Farmers' Union indorsed and assigned said note and mortgage to the First National Bank of San Luis Obispo, and the latter assigned the same to the plaintiff. It does not, however, appear from the complaint or findings when these assignments were made, or that either of them was ever recorded, or that any consideration was paid therefor.

The plaintiff commenced this action to foreclose the last-named mortgage, and the mortgagors suffered their defaults to be entered. The defendant, Meads, answered and filed a cross-complaint, setting up her mortgage and alleging that the lien thereof was prior and superior to that of plaintiff's mortgage, and praying that her mortgage be foreclosed, the property sold,

and the proceeds of the sale, after paying the costs and expenses thereof, be applied first to the payment of the amount found due upon her note and mortgage.

The case was tried, and the court found, among other things, that at the time the note and mortgage mentioned in the complaint were executed to the Farmers' Union it had actual notice of the execution and existence of the note and mortgage held by said Stella Payne Meads, and that at the time of said assignment from the Farmers' Union to said First National Bank the latter had no actual notice of the execution of the note and mortgage made to Stella Payne Meads, and no constructive notice thereof, unless the facts before stated constituted such notice. And, as conclusions of law, the court found that the lien of defendant's mortgage was prior and superior to the lien of the plaintiff's mortgage; that both mortgages be foreclosed and the property sold; that from the proceeds of the sale the expenses of sale be first paid, then the amount due defendant Meads, including her costs and attorney's fees, and then the amount due the plaintiff, its costs and attorney's fees, with the usual order for docketing judgment for deficiencies, if any arise.

A decree of foreclosure was accordingly so entered, from which the plaintiff appeals on the judgment-roll.

The contention of appellant is, that the court erred in giving the Meads mortgage precedence, and it invokes the rule, declared in section 1214 of the Civil Code, that every conveyance of real property "is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded." It is said: "The Farmers' Union promptly secured precedence by its record—and that recordation inured to the present holder."

But the Civil Code, section 1217, also declares that "an unrecorded instrument is valid as between the parties and those who have notice thereof." And the court found that the Farmers' Union, at the time its note and mortgage were executed, had actual notice of the execution and existence of the Meads note and mortgage. It cannot, therefore, be successfully claimed that the mortgage first executed was not valid and entitled to

precedence as against the one last executed while it remained in the hands of the mortgagee.

The question then is, Did the assignments of the mortgage last executed vest in the assignees any rights superior to or different from those held by the assignor? As before stated, it is not alleged in the complaint or found by the court at what time either of the said assignments was made. So far as appears, they may both have been made after the Meads mortgage was recorded, and, if so, the assignees took the assignments with constructive notice of the prior mortgage. (*Mahoney v. Middleton,* 41 Cal. 41; *Clark v. Sawyer,* 48 Cal. 133.)

Again, it is well settled that one who claims to be a *bona fide* purchaser must plead the facts essential to make him such, that is, that he purchased for value and paid the consideration before he had notice of the prior conveyance or mortgage. In *Eversdon v. Mayhew,* 65 Cal. 167, it is said: "The answer of a *bona fide* purchaser without notice is, says the supreme court of the United States, in the nature of a new case founded on a right and title to real property operating, if made out, to bar and avoid the plaintiff's equity, which must otherwise prevail. To entitle a party to protection as such a purchaser he must aver and prove the possession of his grantor, the purchase of the premises, the payment of the purchase money in good faith, and without notice, actual or constructive, prior to and down to the time of its payment: for if he had notice, actual or constructive, at any moment of time before the payment of the money, he is not a *bona fide* purchaser."

This language was used in reference to an alleged *bona fide* purchase of real property, but we consider it equally applicable to a case like this. And as there was no allegation or finding in this case that any consideration was paid for either of the assignments, or that the assignees took the same without at least constructive notice of the prior mortgage, appellant's contention cannot be sustained.

The judgment should be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Van Fleet, J., Garoutte, J., Harrison, J.