No. 12,314.

Second Industrial Bank *v.* Marshall.

(289 Pac. 598)

Decided June 16, 1930.

Mr. B. C. Hilliard, Jr., for plaintiff in error.

Mr. Con K. O'Byrne, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

Parties here appear as in the lower court.

Alleging that plaintiff and defendant were tenants in common of certain Denver real estate, plaintiff sought partition and sale thereof. Defendant denied plaintiff's interest and further alleged that on May 24, 1926, plain-

tiff obtained judgment against James Marshall in the justice court for $132.20 and costs; that on June 17, 1926, said justice of the peace certified a pretended transcript of said judgment to the clerk of the district court of Denver, but alleges that as appears from said transcript, and as the fact is, at no time was execution issued out of said justice court on said judgment; that at the time said judgment was entered, and ever since, said James Marshall has had more than ample means, subject to levy, to satisfy said justice's judgment; that at all times herein mentioned said James Marshall was owner of undivided one-half of said property and with defendant, owner of other one-half, occupied same as his home, and that the same has been entered as a homestead; that on June 21, 1926, clerk of the district court issued a fi. fa. predicated on said supposed transcript and same was executed by sheriff by levy on property in controversy, and said property is worth $5,500; that on April 21, 1928, sheriff executed deed to plaintiff conveying said property and alleges said deed is a cloud upon defendant's title; that on June 16, 1928, James Marshall tendered to plaintiff $157.50, alleged to be in full of principal, interest and costs of said justice's judgment, which was refused; that said sum was then tendered to said justice; that in equity, etc., because of the premises the plaintiff ought not to have this action. The replication admitted these allegations, charged that the homestead was filed after the execution of the sheriff's deed and denied that said deed created a cloud on plaintiff's title. The court sustained a demurrer to the replication and dismissed the suit at plaintiff's costs, to review which plaintiff prosecuted this writ.

The principal questions presented by this record are: Must execution issue on a judgment of a justice court and be returned unsatisfied before a transcript thereof may be legally filed? Can plaintiff's sheriff's deed be collaterally attacked?

Section 6083, C. L. '21, (enacted 1861) provides:

"When it shall appear by the return of the execution first issued, as aforesaid, that the defendant has not personal property sufficient * * * it shall be lawful for the justice to certify to the clerk of the district court * * * a transcript * * *."

Section 254, Code '21 (enacted 1887) reads: "A transcript of any judgment rendered, by any justice of the peace, duly certified by such justice, may be filed with the clerk of the district court of the county in which said judgment was rendered, and thereupon the clerk shall make entries thereof in the register of actions and in the judgment docket, and may therefor issue execution for the collection thereof within such county, the same as if such judgment had been rendered by such district court."

The lower court held that the transcript could not be "duly certified" unless it recited that execution had first been issued on said justice court judgment and returned unsatisfied.

The provisions of the law relating to the filing of transcripts and for the issuance of executions thereon were made for the protection of judgment debtors. If such do not complain of the inefficiency or irregularity thereof, certainly strangers thereto ought not to be permitted so to do. Defendant is the wife of James Marshall, the judgment debtor, and owns an undivided one-half interest in the property in question. At no time did she have any title to the undivided one-half thereof formerly owned by her husband and now claimed by plaintiff. The plaintiff does not assert any claim as against defendant's undivided one-half interest, but merely asks for partition and sale of the property and that it be decreed one-half the proceeds. Defendant, therefore, is a stranger to plaintiff's title and has no interest in the outcome of this action. Her attack thereon is collateral and cannot be maintained. *Burris v. Craig,* 34 Colo. 383, 82 Pac. 944; 23 C. J. 541, § 426; 1 Freeman on Executions (3d Ed.) § 14; *Jordan v. Bradshaw,* 17 Ark. 106; *Webster v. Daniel,* 47 Ark. 131, 14 S. W. 550.

Having determined plaintiff's title, held by virtue of the sheriff's deed, may not be attacked collaterally by the defendant, it becomes unnecessary for us to construe section 6083, C. L. '21, and section 254 of Code '21, supra, or to determine any of the other questions raised by defendant's assignment of errors.

The lower court erred in sustaining the demurrer to the replication and dismissing the suit. The judgment is reversed, the cause remanded with directions to vacate the order of dismissal and to proceed with the trial of the cause in harmony with the views herein expressed.