[No. B001168. Second Dist., Div. Six. Mar. 2, 1984.]

RICHARD M. POWELL et al., Plaintiffs and Respondents, v.
HENRIETTE GOLDSMITH et al., Defendants and Appellants.

**COUNSEL**

Nordman, Cormany, Hair & Compton and Glen M. Reiser for Defendants and Appellants.

Rowley & Woodward and Russell Scott Woodward for Plaintiffs and Respondents.

**OPINION**

**ABBE, J.**—Appeal from summary judgment declaring respondents' deed of trust to have priority over appellants'. We affirm.

In May 1980 respondents sold their condominium unit to RCR Corporation, doing business as Rancho Conejo Realty (RCR), a California corporation wholly owned by John F. McInerney (McInerney). RCR opened an escrow for the sale at Rancho Conejo Realty Escrow (RCR Escrow), another entity wholly owned by McInerney. The respondents were to receive $25,000 cash plus a $26,500 promissory note secured by a second deed of trust on the property for the sale.

In order to raise cash to use in the transaction, RCR acting through McInerney borrowed $42,000 from Pyramid Home Loan Corporation (Pyramid). Pyramid had obtained these funds from appellants for the purpose of making investments in promissory notes secured by second deeds of trust. Appellants relied on Pyramid to make safe and lucrative investments for them. Respondents were not aware of McInerney's dealings with Pyramid.

On June 24, 1980, before the close of escrow in the sale from respondents to RCR, RCR executed a promissory note and deed of trust on respondents' property for $42,000 to secure the loan to it by Pyramid. Without informing respondents, and in violation of its instructions, RCR turned over to Pyramid the grant deed from respondents to RCR and the deed of trust from RCR to respondents securing the $26,500 balance of the purchase price. McInerney delivered these documents to Pyramid at Pyramid's insistence as a condition of making the $42,000 loan to him.

Escrow closed on July 23 and Pyramid, who by then had both deeds of trust in its possession, recorded the grant deed from respondents to RCR and the deed of trust from RCR to appellants securing the $42,000 loan. Two weeks later, on August 5, Pyramid finally recorded the deed of trust to respondents securing the balance of the purchase price. At the time he turned over the documents to Pyramid, McInerney informed Pyramid that the deed of trust to respondents was a purchase money deed of trust and was to be recorded at the same time the deed was recorded. McInerney never informed respondents of the Pyramid loan he had obtained nor of his delivery of the grant deed and the deed of trust to Pyramid.

The trial court found that the conduct of Pyramid in failing to record respondents' deed of trust contemporaneously with the recording of the grant deed was fraudulent. There is ample evidence to support this finding.

Civil Code section 2898 relating to purchase money mortgages or deeds of trust provides: "A mortgage or deed of trust given for the price of real property, at the time of its conveyance, has priority over all other liens created against the purchaser, subject to the operation of the recording laws." Appellants argue that by the time the respondents' deed of trust was

recorded, there was an existing prior and valid lien on the property in the form of appellants' deed of trust. Indeed, in *Van Loben Sels* v. *Bunnell* (1898) 120 Cal. 680 [53 P. 266], the court analyzed Civil Code section 2898 in such a way that it would not give priority to an unrecorded purchase money· lien where a valid lien is recorded at the time of the recording of the deed.

■  However, we find that the phrase in Civil Code section 2898 that subjects the granting of priority to a purchase money deed of trust "to the operation of the recording laws" is not applicable here. The rationale used in the Supreme Court cases of *Gould* v. *Wise* (1893) 97 Cal. 532, 536 [32 P. 576, 33 P. 323], and *Promis* v. *Duke* (1929) 208 Cal. 420, 425 [281 P. 613], is applicable. In those cases the Supreme Court held that where a deed deposited in escrow is fraudulently obtained by the grantee prior to the fulfillment by him of conditions of execution of notes and mortgages, title does not pass to the grantee. McInerney, acting through his entities RCR and RCR Escrow, breached his duty to respondents by prematurely releasing possession of the grant deed and deed of trust from escrow to Pyramid. It thus became impossible for him to make certain those documents would be recorded simultaneously. Under the theory set forth in *Promis* v. *Duke, supra,* 208 Cal. 420, title certainly cannot pass to the grantee to defeat the priority of respondents' purchase money deed of trust as established by Civil Code section 2898 where the grantee improperly removes the grant deed from escrow without fulfilling the conditions of the escrow. This would be so even assuming appellants were bona fide purchasers without notice, which is not the·fact. The purchase money deed of trust was not recorded here as it should have been because of the improper conduct of the grantee and escrow holder and the fraud of the agent selected by appellants. It was not disputed that Pyramid had been informed by McInerney that respondents were to have a second deed of trust. In fact, some of the communications from Pyramid to two of the appellants, indicate that their investments would be secured by a third deed of trust. Appellants are in effect asserting priority pursuant to the recording statute on the basis of the fraud of their agent, Pyramid. They cannot successfully do so.

■  As was stated in *Northern Natural Gas Co.,* v. *Superior Court* (1976) 64 Cal.App.3d 983, 992 [134 Cal.Rptr. 850], " '[a]n agent is under a duty to.inform his principal of matters in connection with the agency which the principal would desire to know about. (Rest.2d, Agency § 381.) Even if he fails to do so, the principal will in most cases be charged with such notice. "As against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other." [Citations.]' "

In *Columbia Pictures Corp.* v. *DeToth* (1948) 87 Cal.App.2d 620, 630 [197 P.2d 580], the court explained the doctrine of imputed knowledge as follows: ". . . The fact that the knowledge acquired by the agent was not actually communicated to the principal, . . . does not prevent operation of the rule. . . . The agent may have been guilty of a breach of duty to his principal, yet the knowledge has the same effect as to third persons as though his duty had been faithfully performed. The agent acting within the scope of his authority, is, as to the matters existing therein during the course of the agency, the principal himself. [Citations.]"

Appellants state they relied completely on "the honesty and integrity" of Pyramid. Their reliance and trust was misplaced. ■ A principal cannot benefit from the fraud of its agent who is acting in the course and scope of his agency. (1 Witkin, Summary of Cal. Law (8th ed. 1974) Agency and Employment, § 180, p. 777.)

■ ". . . [N]otice to an agent in [the] course of a transaction is constructive notice to the principal, and it will not avail the latter to show that the agent failed to communicate to him what he was told. [Citation omitted.] This constructive notice, when it exists, is irrebutable. It is not merely *prima facie* evidence, for then it could be rebutted. . . ." (*Watson* v. *Sutro* (1890) 86 Cal. 500, 523 [24 P. 172, 25 P. 64].)

■ There is no evidence that either respondents or McInerney had any prior knowledge of the ultimate fraudulent act of Pyramid in reversing the agreed upon order of recording. The knowledge imputed to appellants of Pyramid's fraudulent scheme cancels their claim of being bona fide purchasers for value and negates any right they may have had of priority pursuant to the recording statute as set forth in Civil Code section 1214.

Civil Code section 1214 provides in part that every conveyance of real property is void as against a subsequent purchaser or mortgagee of the same property in good faith whose conveyance is first recorded. However, Civil Code section 1217 provides that "[a]n unrecorded instrument is valid as between the parties thereto and those who have notice thereof." In *County Bank of San Luis Obispo* v. *Fox* (1897) 119 Cal. 61 [51 P. 11], the court held that an unrecorded instrument is valid as to those who have notice thereof and a second mortgagee cannot claim precedence over a prior unrecorded mortgage, of which he has actual notice at the time of the execution of the mortgage. It is undisputed that Pyramid, appellant's agent, not only had actual possession of the purchase money deed of trust but also knowledge that it was to be recorded simultaneously with the recording of the grant deed. ■ If the agent who made the purchase had actual notice of a mortgage on the premises, the vendee is to be presumed to have taken

subject to it, as between him and the mortgagee. (*May* v. *Borel* (1859) 12 Cal. 91.)

The California Supreme Court noted in *Moore* v. *Schneider* (1925) 196 Cal. 380, 393 [238 P. 81] that the purpose of Civil Code section 1214 is ". . . to prevent fraud through the withholding of notice of transactions affecting titles, to the detriment of subsequent purchasers in good faith and for valuable consideration, . . ." and ". . . to stimulate and bring about the prompt recordation of all conveyances of real property. . . ." The appellants herein cannot be considered subsequent purchasers in good faith. Appellants were never relying on the integrity and security of the record title. The investment of their funds by Pyramid by making a loan to McInerney occurred approximately one month prior to the close of escrow in the sale of the property from respondents to McInerney.

■ The priority of a purchase money deed of trust over any liens against a buyer is the primary exception to the general rule that deeds of trust obtain their priority by date of creation or date of recordation. Civil Code section 2898 is intended to protect the seller from the very situation that occurred here, i.e., a third party attempting to insert a lien in ahead of the seller's right to security for the balance of the purchase price.

The judgment is affirmed. Each party to bear their own costs on appeal.

Stone, P. J., and Gilbert, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 25, 1984.