MEMORANDUM **
Charles Montgomery and Kirkwood Development, Inc., appeal the Bankruptcy Appellate Panel’s decision which, for the most part, affirmed the bankruptcy court’s determination that a purchase money deed of trust in favor of United International Mortgage and Investment, Inc., had priority over their judgment liens. They also appeal various other issues. We agree with the BAP and affirm the bankruptcy court in part, but vacate in part on account of mootness.
(1) The bankruptcy court did not err when it determined that United had priority. Under California law, purchase money deeds of trust have priority over general judgment liens previously filed against a debtor. See Cal. Civ.Code § 2898(a); Van Loben Sels v. Bunnell, 120 Cal. 680, 683-84, 53 P. 266, 267 (1898); Walley v. P.M.C. Inv. Co., Inc., 262 Cal. App.2d 218, 220, 68 Cal.Rptr. 711, 712—13 (1968); Mercantile Collection Bureau v. Roach, 195 Cal.App.2d 355, 357-58, 15 Cal. Rptr. 710, 711-12 (1961). It is apparent that United was a purchase money lender.[1] Even if there is a “good faith” requirement before a purchase money lien has priority, that is satisfied when, as here, the lender did advance the money and that money was actually used for purchase money purposes. See e.g., Brock v. First S. Sav. Ass’n, 8 Cal.App.4th 661, 675-76, 10 Cal. Rptr.2d 700, 708-09 (1992); Powell v. Goldsmith, 152 Cal.App.3d 746, 752, 199 Cal.Rptr. 554, 557 (1984); cf. Handy v. *875 Gordon, 65 Cal.2d 578, 581-82, 422 P.2d 329, 331, 55 Cal.Rptr. 769, 771 (1967) (misdirected subordination agreement proceeds); Gluskin v. Atl. Sav. & Loan Ass’n, 32 Cal.App.3d 307, 315, 108 Cal.Rptr. 318, 323 (1973) (same).[2]
(2) We agree with the bankruptcy court and the BAP that on this record there is no basis for holding United responsible to Montgomery and Kirkwood for wrongdoing by United’s employee. That wrongdoing enabled the borrower to obtain a purchase money loan from United despite his terrible credit history, all of which inured to the detriment of United. See, e.g., River Colony Estates Gen. P’ship v. Bayview Fin. Trading Group, Inc., 287 F.Supp.2d 1213, 1227 (S.D.Cal.2003); Sands v. Eagle Oil & Ref. Co., Inc., 83 Cal.App.2d 312, 318-21, 188 P.2d 782, 785-87 (1948); cf. Inter Mountain Mortgage, Inc. v. Sulimen, 78 Cal.App.4th 1434, 1440, 93 Cal.Rptr.2d 790, 794 (2000) (respondeat superior theory).
(3) We agree with the BAP that, even if Kirkwood did have a judgment lien, United’s purchase money lien had priority. There was no need to pass on the validity of the judgment lien itself. Therefore, the issue was moot and the judgment should be vacated in that respect. See Arizonans for Official English v. Arizona, 520 U.S. 43, 73-75, 117 S.Ct. 1055, 1071-72, 137 L.Ed.2d 170 (1997); GATX/Airlog Co. v. United States Dist. Court, 192 F.3d 1304, 1307-08 (9th Cir.1999).
(4) Because United’s foreclosure has been completed, any claim that a stay should have been granted to stop the foreclosure is moot.
(5) The denial of the motion to stay expungement of lis pendens is also moot because, as we have held, United did have priority. Moreover, the property has now been sold to a third party, who is not bound by the expunged lis pendens in any event.
(6) Upon expungement of the lis pen-dens, the bankruptcy court properly imposed fees and costs upon Montgomery. See Cal.Civ.Proc.Code § 405.38; see also Trapasso v. Superior Court, 73 Cal.App.3d 561, 569, 140 Cal.Rptr. 820, 825 (1977).
(7) To the extent that Montgomery has attempted to raise other issues by generally referring to them without briefing them, we decline to consider those issues. See Int’l Union of Bricklayers Local 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985).
AFFIRMED, except the bankruptcy court shall VACATE as moot its decision regarding the validity of Kirkwood’s judgment lien, and we REMAND solely for that purpose. United shall recover its costs on appeal.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. On appeal, Montgomery attempts to claim that United was an arranger of credit. Montgomeiy cannot raise that fact-bound issue on appeal for the first time. See Enewally v. Wash. Mut. Bank (In re Enewally), 368 F.3d 1165, 1173 (9th Cir.2004). In any event, on this record the claim is otiose.

. Incidentally, despite Montgomery’s and Kirkwood's argument to the contrary, the bankruptcy court did not abuse its discretion when it allowed United to present witnesses at trial. See Jorgensen v. Cassiday, 320 F.3d 906, 913 (9th Cir.2003); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992); FDIC v. Glickman, 450 F.2d 416, 419 (9th Cir. 1971) (per curiam).