[No. 12713. Department Two. —May 8, 1890.]

B. J. McGEE, Respondent, v. EDWARD SWEENEY, et al., Appellants.

Equity — Jurisdiction of the Person — Conveyance of Property Outside of the State. — Where a court of equity has jurisdiction over the person of the defendant, it has power to decree a conveyance by him of property outside of the state.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Henley, Swift & Rigby,* for Appellants.

*James F. Smith,* for Respondent.

Hayne, C.— This was an action to have a deed to certain property in Pennsylvania "declared void," and for a reconveyance. The trial court gave judgment for the plaintiff, and decreed that the defendant, Rosanna McGee, in whom the title stood, should reconvey the property to the plaintiff, and that in default of such reconveyance a commissioner appointed by the court should execute the conveyance. The defendant, Rosanna McGee, appeals upon the pleadings, findings, and judgment; and the principal point made on her behalf is that the court had no power to make such a decree in reference to property outside of the state.

It is well settled, however, that a court of equity has power to compel a reconveyance of property outside of its jurisdiction, by reason of its control over the parties before it.

The only question that can be raised is, whether the court had power to cause the title to property in Pennsylvania to be conveyed by one of its officers. But if the court had no such power the conveyance of such an officer would be void on its face. The title would remain

in the appellant, and the deed (being void upon its face) would not constitute a cloud. The appellant would not be injured, and cannot complain. If, therefore, the decree be improper in this regard, the error is immaterial.

The point as to the inconsistency of the findings is without merit.

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and GIBSON, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.