[No. 13298. In Bank. — August 4, 1890.]

JAMES McLAUGHLIN, Respondent, v. HENRY CLAUSEN, Appellant.

Promissory Note — Contemporaneous Contract — Completion of Railroad — Breach of Condition — Pleading — Demurrer to Answer. — In an action on a promissory note, an answer setting out a contract which provides in express and unequivocal terms not only that the note should not be paid until the completion of a railroad within a time limited as therein provided, but that the note should be held by a trustee and not delivered until such condition was complied with, and alleging that the plaintiff did not carry out the contract, nor comply with its conditions within the time specified, and that he was not unavoidably prevented from so doing, and that the note was without consideration, and that the failure of plaintiff to complete the road within the time limited had prevented defendant from realizing as much for his land as he might have realized before the contract was entered into, discloses a complete defense to the action, and a demurrer thereto should be overruled.

Id. — Condition Precedent — Unauthorized Delivery of Note by Trustee — Violation of Contract. — Such note could not be delivered or take effect until the completion of the road, which, by the terms of the contract, was made an absolute condition precedent to the delivery and taking affect of the note; and if delivered by the trustee in violation of the terms of the contract, it never became binding upon the defendant, nor could its payment be enforced when delivered. (Paterson, J., dissenting.)

Id. — Time of Essence of Contract — Case Questioned and Limited. — This case does not present the mere question whether the stipulation that the road should be completed within a certain time was of the essence of the contract; but in so far as the case of Front Street, M., & O. R. R. Co. v. Butler, 50 Cal. 574, can be construed as against the views taken in the present case, it should be overruled. (Paterson, J., dissenting.)

Appeal from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

Gage & Robarts, for Appellant.

The note is to be read in connection with the contract, as though it had been incorporated into it. (Osborne v. Elliott, 1 Cal. 338; Goodwin v. Nickerson, 51 Cal. 166; Hill v. Grigsby, 35 Cal. 656.) The promises were mutual

and dependent, and plaintiff must show performance within the period specified in the contract to entitle him to recover. (*Osborne* v. *Elliott*, 1 Cal. 338; *Folsom* v. *Bartlett*, 2 Cal. 163.) In an action on a promissory note a general answer of no consideration is good. (*Swope* v. *Fair*, 18 Ind. 300; *Frybarger* v. *Cockefair*, 17 Ind. 404; *Evans* v. *Stone*, 80 Ky. 78; *Catlin* v. *Horne*, 34 Ark. 169.) In order to give validity to a contract as between the parties, it is indispensably necessary that it should be predicated upon a sufficient consideration, or it is a mere *nudum pactum*, and not enforceable either at law or in equity; and the same rule prevails when the consideration upon which the promise rests fails in whole or in part. (*Cabot* v. *Haskins*, 3 Pick. 83; *Logan* v. *Mathews*, 6 Pa. St. 417; *Contourier* v. *Hastie*, 5 H. L. Cas. 673.) It was a condition precedent to the delivery by the agent and payment of the note by the defendant that the dummy road should be extended by the plaintiff. (*Roberts* v. *Brett*, 11 H. L. Cas. 337.)

*Donner & Burdett*, for Respondent.

The contract shows sufficient consideration for the note, and is itself an answer to the allegation of want of consideration, because the writing imports a consideration. (Civ. Code, sec. 1614–1616; *Riggs* v. *Waldo*, 2 Cal. 487; 56 Am. Dec. 356; *Stewart* v. *Street*, 10 Cal. 372.) It does appear that time was not of the essence of the contract. Hence, performance within a reasonable time after the date fixed in the agreement is sufficient. (1 Addison on Contracts, secs. 320, 321; *Janes* v. *Throckmorton*, 57 Cal. 381; *Steele* v. *Branch*, 40 Cal. 11; *Brown* v. *Covillaud*, 6 Cal. 571; *Ahl* v. *Johnson*, 20 How. 511; *Miller* v. *Steen*, 30 Cal. 406; 89 Am. Dec. 124.) By the terms of the contract, the notes were to be delivered to the respondent upon the completion of the road, by the trustee, who, in this instance, was the agent of both parties. (*McDonald* v. *Huff*, 77 Cal. 279.)

Works, J. — This is an action upon a promissory note for four hundred dollars, dated December 27, 1887, and payable four months after date, with interest from maturity.

The answer admits the making of the note, and that plaintiff is the owner thereof, and that no part of it has been paid, and then, by way of avoidance, alleges that on the day of its date, "the plaintiff and defendant made and entered into the following contract." A copy of the contract is then set out, and in it twenty persons, the defendant being one of them, are named as parties of the first part, and the plaintiff is named as party of the second part. The substance of the contract is, that the parties of the first part, in consideration of the advantages to be derived by them from the extension and operation of a certain steam-dummy railroad, from a point named to another point named, agree to pay to the party of the second part the sum of money subscribed by them set opposite their names. Each of the sums is to be evidenced by two promissory notes of the subscriber, one payable two months after the date thereof, and when the grading is done and the iron is on the ground, and the other payable four months after its date, and on completion of the road. The road is to be extended from its present terminus to the other point named "within four months, weather permitting." The notes, when executed, are to be deposited with George H. Bonebrake, at the Los Angeles National Bank, to be held in trust until the conditions specified in the contract shall be performed by McLaughlin, and the certificate of the constructing engineer of the road that the conditions have been performed shall be served upon the said trustee. Upon the delivery to the trustee of the engineer's certificate that the grading is done and the rails are on the ground, the two-months' notes are to be given to McLaughlin, and upon a like certificate that the road

is completed and in running order, the four-months' notes are to be given to him.

The contract is signed by three of the parties named therein as parties of the first part, and by McLaughlin, but not by the defendant.

After setting out the contract *in hæc verba*, the answer proceeds to allege that the note in suit "was made and given by this defendant to the plaintiff in pursuance of and on the conditions set forth and expressed in said contract, and not otherwise, and for no other or different considerations in said contract than those by the plaintiff covenanted to be by him carried out on his part."

It is then further alleged that the plaintiff did not carry out the contract nor comply with the conditions thereof in this, that he did not have the railroad mentioned therein extended to the point designated within four months after the signing of the contract and note, nor until the first day of August, 1888, and that he was not prevented by stress of weather, or otherwise unavoidably prevented from so doing; that, as defendant is informed and believes, the constructing engineer of the road did not certify to the trustee named in the contract that the grading provided for in the contract and to be performed by the plaintiff had been done and the rails placed on the ground, or that the road, or any part thereof, had been completed, or was in running order; that the said note, in contravention of the terms of the contract, was delivered by the trustee of the plaintiff before the road, or any part thereof, was completed or in running order; that if the plaintiff had completed the road and operated the same, as in the contract provided, "the defendant would have been able to have sold his property then and now held by him, and through which said railroad was planned and laid out, at a greatly enhanced price over what it was then worth without said railroad, and over what it is now worth with said railroad extended over, upon, and through said land; that

this defendant could, during the month of December, 1887, and before signing said contract and note, have sold his said land at a greater price than he could at the time of the alleged completion of said road, or at any time since"; and "that the defendant has never received any adequate, or any, consideration from the plaintiff for the making or giving of the said promissory note."

The prayer was, that the plaintiff take nothing by his action.

A general demurrer to the answer was interposed and sustained, and the defendant declining to amend, judgment was entered against him. From that judgment he appeals.

It is argued for appellant that the note and contract must be read together as parts of one transaction, and that when so read, it appears that the promise on the part of the defendant to pay his subscription, and the promise on the part of the plaintiff to complete the road within four months, were mutual and dependent promises; and that the averments of the answer are admitted by the demurrer to be true, and from them it appears, — 1. That the note was executed without any sufficient consideration therefor; and 2. That the consideration for its execution, if any, had failed, because the road was not completed within the time agreed upon.

The demurrer to the defendant's answer should have been overruled. The contract set out in the answer provided in express and unequivocal terms, not only that the notes should not be *paid* until the completion of the road, as therein provided, but that they should be held by Bonebrake, trustee, and not *delivered* until such condition was complied with. Therefore, if the allegations of the answer be true, and the demurrer admits them, these notes never became binding upon the defendant. They were delivered in violation of the terms of his contract, and as against him never became fully executed. It does not present the mere question whether

the stipulation that the road should be completed and running within a certain time was of the essence of the contract, and therefore the case of *Front Street, M., & O. R. R. Co. v. Butler*, 50 Cal. 574, is not directly in point. The completion of the road was, by the terms of the contract, made an absolute condition precedent, and until such completion the note could not be delivered or take effect, nor could its payment be enforced when delivered. But if the case above referred to can be construed as against the view here taken, we are satisfied that it should be overruled.

Judgment reversed, with instructions to the court below to overrule the demurrer to the answer.

Beatty, C. J., Fox, J., and Thornton, J., concurred.

Paterson, J., dissenting. — I think the judgment should be affirmed. The note imports a consideration (Civ. Code, secs. 1614, 1615), and the contract shows that the consideration for which it was given was "the advantages to be derived from the extension and operation of said railroad."

Time was not expressly declared to be of the essence of the contract, and I do not think it can be fairly said that it was intended to be so. The note itself is an absolute promise to pay, and there is nothing in the contract to indicate that payment was to be made only on condition of strict performance. The road was completed in about three months after the time named for its completion, "weather permitting." The cause of the delay is not shown, but certainly the delay was not long.

I am unable to distinguish this case from the case in 50 California, 575. That was an action brought to recover a sum of money subscribed by the defendant therein to aid in the building of a street-railroad, under a contract which provided that the road should be completed in six months. It was nearly three months after the time

stipulated in the contract before the road was completed. It was held on appeal that, where property holders contract with a railroad company to pay it certain sums of money if within a certain time it constructs a railroad, the fact that the road is not built within the time named in the contract is not an excuse for the non-payment of the money, if the road is actually built, but the subscribers will recoup the damage they sustain by the failure to complete the work in time; that courts should not construe stipulations in a contract as conditions precedent, unless the language thereof clearly shows them to be such, because such a construction prevents the court from dealing out justice to the parties according to the equities of the case.

In the case before us we have an instance of the injustice of departing from the rule of construction applied in that case. The defendant herein believed that the extension of the road would be to his advantage, and he therefore made his subscription and executed his note for the sum subscribed. The road has been built, and he has received the benefit thereof. The delay may have prevented him from securing all of the benefit which he would have received if the road had been built promptly on time. It may have been occasioned by fortuitous circumstances beyond the control of the plaintiff. The rights of the parties would be protected, and justice dealt out according to the equities of the case, by holding, as it was held in the case referred to, that if the defendant " has sustained damages by the delay, he is entitled to recoup to that extent against the claim of the plaintiff."