## ESTATE OF JOANNA TESSIER, DECEASED.

[No. 3092; decided October 22, 1895.]

Trust, When Created by Will.—Where a testatrix directs that there be paid monthly to her daughter a specified sum, and to her two granddaughters a like sum, share and share alike, and in case of the death of either of the granddaughters, without issue, the survivor to take the whole of the last named sum; and further provides that on the death of her daughter her estate shall go to her two grandchildren, share and share alike, or to the survivor of the daughter in case of the death of either of the granddaughters; and an executor is appointed by the will, but he is not named as trustee, a trust is created by the will which appoints an executor, but does not name him trustee.

Trust.—It is not Necessary to Use the Word "Trust" or "Trustee," or any particular form of words, in creating a trust, so long as the intention of the testator is expressed.

Trust.—A Person may Declare a Trust Either Directly or Indirectly —the former, by creating a trust eo nomine in the forms and terms of a trust; the latter, without affecting to create a trust in words, by evincing an intention which the court will effectuate through the medium of an implied trust.

Trust.—An Executor may be Both Executor and Trustee. If not named expressly a trustee, the court may determine from the whole will whether he is not to act as trustee.

Trust.—When the Income of Property is Given to One for Life, and, at his death, the property is given over to another, and no trustee is named in the will, the executor is the trustee to hold the property during the lifetime of the legatee for life.

Trust—A Trust will not be Permitted to Fail for Want of a Trustee.—The probate court will determine whether a valid trust has been created, and may distribute the estate to a trustee, he being entitled to the possession and control of the same.

Trust.—When a Trust is Created, a Legal Estate Sufficient for the execution of the trust will, if possible, be implied.

Administration—Duty to Close Speedily.—It is the duty of the court and executor to close an administration speedily, and as soon as the debts and expenses of administration are paid and there are persons entitled to the possession of the estate.

Executors.—Commissions of Executors and Administrators cannot be Apportioned until the close of administration, and an executor must close his account as executor before being charged as trustee.

Lowell J. Hardy, Jr., petitioner, in pro. per.

COFFEY, J. The facts of this application, as shown by petition and proof are that Joanna Tessier died testate on or about the twelfth day of January, 1884, in said city and county of San Francisco, leaving real and personal property therein, and being at the time of her death a resident thereof; that said deceased left a will, which was duly admitted to probate by said court on the eleventh day of February, A. D. 1884, and that thereafter, the executor named having renounced, letters of administration with said will annexed upon said estate were duly issued to L. F. George, who acted as such administrator until his death, to wit, on or about the first day or September, A. D. 1888; that upon the written request of Mrs. Delia A. Bell, the only issue of said decedent,

and due proceedings in that behalf, letters of administration with said will annexed upon said estate were duly issued by said court to the petitioner, L. J. Hardy, Jr., on the fifth day of September, A. D. 1888, and that he is still such administrator, and that said estate is not distributed; that on the twelfth day of February, A. D. 1884, due notice to the creditors of said decedent to present their claims against decedent, as required by law and the order of said court, was published; that on the twenty-eighth day of February, A. D. 1884, an inventory and appraisement of said estate was filed as required by law; that more than seven years have elapsed since the appointment of the petitioner as such administrator and the publication of said notice to creditors; that on the twenty-seventh day of August, A. D. 1895, the petitioner filed an account as such administrator, of his administration of said estate, up to the first day of August, A. D. 1895, showing that there was in his hands as such administrator in cash the sum of $3,438.99 and certain real property described in the petitions; that said account was allowed and settled as filed; that all the debts of said decedent and of said estate, and all the expenses of the administration thereof thus far incurred, and all taxes that are due from said estate, have been paid and discharged, except the fees and commissions of the administrator; that the petitioner filed a supplemental report of his administration since August 1, 1895, to the twenty-third day of September, A. D. 1895; that said estate is now in a condition to be distributed to the petitioner as a trustee thereof under and pursuant to the provisions of said will; that it is provided in said will that the income of said estate shall be paid to Mrs. Delia A. Bell and Mabel F. White, now Mabel F. Sumner—Merced F. White, mentioned in said will as a devisee, having died when about seven years of age—during their joint lives; that said devisees Delia A. Bell and Mabel F. Sumner are alive, and that said estate cannot be distributed to them or either of them until the death of one of them; that by the provisions of said will a trust has been created, and said estate has been devised in trust, and the administrator is in legal effect named as a trustee in said will to carry out the terms thereof; that the residue of said estate now remaining in the hands of the

petitioner, as administrator, consists of the property described in the petition; that said estate was the separate property of said decedent, who died unmarried.

The prayer of the petitioner is that the residue of said estate, after payment of his fees and commissions, be distributed to him as a trustee under said will; that the administration of said estate be closed, and he be discharged from his trust as such administrator.

The petition is concurred in by the surviving beneficiaries named in the will.

The will is as follows:

"I, Joanna Tessier, of the City and County of San Francisco, State of California, being of sound and disposing mind and memory, do make, publish and declare this my last will and testament.

"First. I will and direct that all my just debts which may exist against me at my decease may be settled.

"Second. I will and direct that my executor hereinafter named enter into the possession of all my real estate and receive and receipt for all the rents, issues and profits thereof, and from the proceeds thereof pay all taxes, insurance, assessments and costs of repairs on said premises, and out of the residue of said rents and profits pay monthly to the Hibernia Bank, to be applied in liquidation of the mortgage held on my property, the monthly interest and one hundred dollars principal.

"Third. After the payments provided for as aforesaid, I direct that the sum of fifty dollars be paid monthly to my daughter, Delia A. Bell; and fifty dollars to my grandchildren, Merced Funda White and Mabel Florence White, to be divided between them share and share alike, and in case of the death of either without issue the survivor to take the whole thereof.

"If at the end of every succeeding twelve months there shall remain any money so received unexpended, the same shall be divided into two equal parts, the one part to be paid to said Delia A. Bell, the other to said grandchildren equally. Said payments to said Delia A. Bell and to said grandchildren are to be continued during their natural lives. On the death

of either of said grandchildren without issue the survivor to take her share.

"On the death of Delia A. Bell I give and bequeath all my real and personal property to my said grandchildren, share and share alike, or to the survivor of said Delia A. Bell in case of the death of either of said children.

"Fourth. In case any of the buildings situated and being upon any of the lots of land owned by me shall be destroyed by fire, I direct that the land be sold and the proceeds of said sale, together with the money realized from the policy of insurance, be used in the purchase of other productive property.

"Fifth. I give and bequeath all my household property, consisting of furniture, bedding, etc., etc., to my said grandchildren share and share alike.

"Sixth. In case any money should be realized out of the foreclosure of the mortgage held by me on the property formerly owned by me situated on the easterly side of Waverly Place, I direct that the same be re-invested in the purchase of productive real estate in this city; and if said property is sold on a decree foreclosing said mortgage I authorize my said executor to purchase the same for the benefit of my estate, or, in case of bidders at the sale, to allow said property to be purchased by others as in his discretion may seem for the best interests of my estate.

"All rents received from the property at any time in the hands of my said executors is to be divided as provided aforesaid and in pursuance of and accordance with the provisions aforesaid.

"Seventh. I hereby nominate and appoint George W. Gibbs executor of this my last will and testament. I hereby revoke all former wills."

Duly signed and witnessed July 19, 1882.

The administrator of said estate submits the proposition for a distribution to himself as a trustee of the residue of said estate.

A trust has been created by the will of said decedent; whether it is an express or implied trust matters not. The court thinks it is an express trust under section 857 of the Civil Code, because the will has created a trust for all the

purposes mentioned in said section, and being in writing, complies in that respect with section 852, Civil Code.

It is not necessary to use the word "trust" or "trustee," or any particular form of words, in creating a trust, so long as the intention of the testator is expressed: Perry on Trusts, par. 82, 112; Luco v. De Toro, 91 Cal. 405, 27 Pac. 1082.

A person may declare a trust either directly or indirectly; the former by creating a trust eo nomine, in the forms and terms of a trust; the latter without affecting to create a trust in words, by evincing an intention, which the court will effectuate through the medium of an implied trust: Lewin's Law of Trusts, p. 108.

An executor may be both executor and trustee: Lewin's Law of Trusts, p. 204.

If not named expressly a trustee, the court may determine from the whole will whether he is not to act as trustee: Perry on Trusts, par. 262; Toronto Trust Co. v. Chicago R. R. Co., 7 Am. Prob. Rep. 294.

When the income of property is given to one for life, and at his death the property is given over to another, and no trustee is named in the will, the executor is the trustee to hold the property during the life of the legatee for life: Perry on Trusts, par. 262.

By the will under consideration the executor is directed to enter into the possession of all real estate, receive all rents, etc., and out of the proceeds thereof pay all taxes, etc., and out of the residue of income pay Hibernia Bank certain sums, also to pay to Delia A. Bell and the two granddaughters certain sums of money during their natural lives.

By said will all the estate is bequeathed and given to said grandchildren on the death of said Delia A. Bell, but not before such death.

The executor is also directed and empowered to invest in the purchase of productive real estate any money to be derived from foreclosure of a certain mortgage; or to purchase the property if sold under a foreclosure.

A trust has been without doubt created.

The intention of the decedent can be executed only through a trustee, otherwise the administration of said estate could not be closed until the death of Delia A. Bell; or, if the

testator had postponed the final distribution during lives in being, including the life of the administrator (Civ. Code, 715), until after the death of the administrator; during which time no final commissions or fees could. be allowed to the administrator.

Commissions cannot be apportioned until close of administration of estate: Estate of Barton, 55 Cal. 87; Code Civ. Proc., 1618.

It is the duty of the court and executor to close the administration speedily and as soon as the debts and expenses of administration are paid and there are persons entitled to the possession of the estate: Estate of Pritchett, 51 Cal. 568; Estate of Hinckley, 58 Cal. 457, 518; Code Civ. Proc., secs. 1652, 1665.

An estate may be distributed to a trustee, he being entitled to the possession and control of the same: Code Civ. Proc., sec. 1699, amendment of 1895; Code Civ. Proc., sec. 1702, amendment of 1891.

A trust will not be permitted to fail for want of trustee: Hill v. Den, 54 Cal. 6-20; Estate of Hinckley, 58 Cal. 457; Smith v. Davis, 90 Cal. 25, 25 Am. St. Rep. 92, 27 Pac. 26; Code Civ. Proc., sec. 1702 (amendment).

The probate court will determine whether a valid trust has been created: Estate of Hinckley, 58 Cal. 458, 518.

The executor must close his account as executor before being charged as trustee: Perry on Trusts, par. 263.

Wherever a trust is created a legal estate sufficient for the execution of the trust shall, if possible, be implied.

The court has in some instances supplied the estate in toto, as where a testator devised to a feme covert the issues and profits of certain lands, to be paid by his executors, and it was held that the land itself was devised to the executors in trust to receive the rents and profits and apply them to the use of the wife: 1 Lewin's Law of Trusts, 213.

By distributing this estate, which is now in condition for such distribution, to a trustee, the court will put the estate in the best condition for the execution of the intention of the testator and the law, and enable the administrator to close his work, now in the eighth year, and receive compensation for his services.

All parties interested in said estate consent to these proceedings, and, there being no limitation in the will upon their power to alienate their interests, it would appear that the court should exercise its discretion, if any, in their favor: Civ. Code, 699-867.

Application granted.

———

The Commissions of an Executor or Administrator are not payable until the close of the administration and the settlement of his final account. They will not be settled and allowed piecemeal as the administration progresses: Estate of Miner, 46 Cal. 564; Estate of Dunne, 58 Cal. 543; Estate of Rose, 80 Cal. 166, 22 Pac. 86; Bemmerly v. Woodward, 136 Cal. 326, 68 Pac. 1017; Estate of Strauss, 144 Cal. 553, 77 Pac. 1122; Estate of Dewar, 10 Mont. 422, 25 Pac. 1025. When there are two or more executors or administrators, the commissions should be apportioned to each in proportion to the labor he has performed. Each is not entitled to an equal share merely because of his office: Estate of Carter, 132 Cal. 113, 64 Pac. 123; Estate of Coursen (Cal.), 65 Pac. 965; Hope v. Jones, 24 Cal. 89; Dudley's Estate, 123 Cal. 256, 55 Pac. 897. Neither can one, by excluding the others against their will from any participation in the administration, deprive them of all claim to compensation: Dudley's Estate, 123 Cal. 256, 55 Pac. 897.