[S. F. No. 13252. In Bank.—October 24, 1929.]

JOSEPHINE PROMIS et al., Respondents, v. G. E. DUKE et al., Appellants.

Robert Duncan, Robert E. Hatch, Henry C. McPike and G. E. Duke, *in pro. per.,* for Appellants.

Louis Oneal and Wm. F. James for Respondents.

WASTE, C. J.—This action, instituted to rescind a contract covering the sale of certain real property, for an accounting of the rents and profits received therefrom, and to secure a reconveyance thereof to the plaintiffs, terminated in the court below with the entry of a judgment for the plaintiffs, from which the defendants have prosecuted this appeal.

A painstaking examination of the reporter's transcript has satisfied us that there is no merit in the appellants' contention touching the asserted insufficiency of the evidence to support the findings of the lower court. In substance, it is found that on September 25, 1925, the respondents entered into a contract with the appellant, G. E. Duke, under and by the terms of which the former agreed to sell and the latter to purchase certain described real property situate in the city of Victoria, British Columbia, for the sum of $55,000—respondents to deposit in escrow with the Alameda County Title Insurance Company a deed conveying good and merchantable title to Duke, who was thereupon to pay and deliver to the escrow-holder $10,000 in cash and his promissory note for $45,000, together with a mortgage securing the same on certain improved real property situate in the city of Berkeley, county of Alameda; that in and by the terms of the agreement between the parties it was understood and agreed that the mortgage securing the promissory note for $45,000 was to be subject

only to a then existing encumbrance of record against said Berkeley property in the sum of $22,500, and was to be subsequent to no other lien or encumbrance; that at the time of the making of said agreement there was, in addition to the encumbrance of $22,500, an existing and unpaid lien or encumbrance of $9,605 secured by deed of trust on the Berkeley property, which latter encumbrance the appellant, G. E. Duke, was to pay and discharge prior to his taking the title to the Victoria property, in order that he might be in position to deliver the $45,000 mortgage on the Berkeley property free and clear of said encumbrance; that pursuant to this agreement the respondents signed, acknowledged and deposited with the title company a deed to the Victoria property which would, on delivery, vest a good and merchantable title thereto in G. E. Duke; that shortly after the deposit of this deed in escrow, the appellant, G. E. Duke, obtained the possession thereof without the knowledge or consent of the respondents, and without having complied with the terms of the agreement between the parties, and in violation of the terms of the escrow agreement; that he thereupon caused the deed to be forwarded to the city of Victoria for recordation, thus causing the title to the property to be, in form, registered and vested in his name; that thereafter, and in the month of November, 1925, the respondents first learned of Duke's actions and thereupon demanded that he free the Berkeley property from the $9,605 encumbrance and comply fully with the terms of their written agreement, which he promised to do; that contrary to his repeated promise, Duke failed and neglected to free the Berkeley property of the $9,605 encumbrance, and by reason of such failure and neglect the property was sold on September 18, 1926, by the trustee under the deed of trust securing the $9,605 indebtedness; that the Berkeley property was thereby completely lost to all the parties hereto and by reason thereof and wholly through the fault of the appellant, G. E. Duke, the consideration for which the respondents agreed to convey their Victoria property to Duke had wholly failed; that in due time the respondents gave and served Duke with written notice of their election to rescind the written contract, offering to return to him everything of value which they may have received there-

under; that subsequent to Duke's improper registration of the deed to the Victoria property he conveyed the property to the appellant, M. E. Duke, his wife, who claims to be the owner thereof; that this latter conveyance was without consideration and in fraud of respondents' rights, the appellant, M. E. Duke. having at the time full knowledge of the claims and rights of the respondents in and to the Victoria property, and of the improper acts of her husband in violation of his agreement and of the escrow; that, subsequent to G. E. Duke's registration of the Victoria deed, he and M. E. Duke encumbered the Victoria property to the extent of $30,000 and have since the recording of said deed received the rents, issues and profits therefrom, for which they have never accounted to the respondents; that the appellants have received and retained and applied to their own use and benefit, over. and above all proper credits or offsets, the net sum of $16,804.11. As conclusions of law, the trial court held that the deed to the Victoria property placed in escrow by the respondents and improperly withdrawn therefrom by the appellant, G. E. Duke, in violation of the escrow instructions, had never been delivered to him and consequently passed no title; that he could not, therefore, transfer title to M. E. Duke, his wife; that these two deeds were, however, a cloud on respondents' title, from which they were entitled to be relieved; that the respondents were entitled to a judgment and decree directing and requiring the appellants to execute, acknowledge and cause to be recorded and registered, according to the forms and laws of British Columbia, a deed conveying to the respondents and vesting in them title to the Victoria property, subject to the $30,000 encumbrance above referred to, and requiring appellants to do or perform such other act or acts as might be necessary or proper to restore the respondents to the ownership and possession of the Victoria property, or, in the event of their failure or refusal so to do, that a commissioner, appointed by the court, should execute such deed for them and in their names under the direction of the court; and that the respondents were entitled to recover of and from the appellants the sum of $16,804.11, together with their costs of suit. Judgment was entered accordingly.

■ Where a deed is placed in the hands of a third person, as an escrow, with an agreement between the grantor and grantee that it shall not be delivered to the grantee until he has complied with certain conditions, the grantee does not acquire any title to the land, nor is he entitled to a delivery of the deed until he has strictly complied with the conditions. If he does not comply with the conditions when required, or refuses to comply, the escrow-holder cannot make a valid delivery of the deed to him. (*Los Angeles City High School Dist.* v. *Quinn*, 195 Cal. 377, 383 [234 Pac. 313]; *McLaughlin* v. *Clausen*, 85 Cal. 322, 327 [24 Pac. 636].) At the time the appellant, G. E. Duke, obtained possession of the Victoria deed from the escrow-holder, he had not satisfied the conditions precedent to a valid delivery of that instrument to him. Title to the Victoria property did not, therefore, pass to and vest in him by virtue of such improper delivery. This being so, the early case of *Lawrence* v. *Gayetty*, 78 Cal. 126, 132–135 [12 Am. St. Rep. 29, 20 Pac. 382], so strongly relied on by the appellants, is clearly distinguishable from the present case, and the principle therein announced is not at all pertinent to the inquiry now before us. The decision in that case merely declares that a conveyance of real property, *fully executed* on the part of the grantor, cannot be set aside for a failure of consideration, on the sole ground that the promises and agreements which induced its execution, and which, by the terms of the contract under which the deed was made, were not to be performed until after its execution, had not been performed. In other words, acts done subsequent to the execution and delivery of a deed cannot affect its integrity, and a subsequent failure of consideration or breach of a personal covenant, not amounting to a condition, will not avoid the deed. (*Duckworth* v. *Watsonville Water Co.*, 170 Cal. 425, 434 [150 Pac. 58]; *Masero* v. *Bessolo*, 87 Cal. App. 262, 271 [262 Pac. 61].) The deeds sought to be avoided in *Lawrence* v. *Gayetty, supra,* and in the cases last above cited had been properly delivered and were fully effective from the time of delivery. In the case now before us the delivery of the Victoria deed not having been such as gave it force, no title passed to the appellant, G. E. Duke, and the judgment entered herein has not the effect, as urged by the

appellants, of undermining the integrity of a validly executed and delivered deed of conveyance.

It is contended, however, that the respondents, after learning of the improper and ineffective delivery of the Victoria deed by the escrow-holder, so conducted themselves as to estop them from thereafter asserting the invalidity of the instrument. The record discloses that the respondents, upon learning of Duke's improper withdrawal of the Victoria deed from escrow, made many efforts to have him fully and faithfully discharge his obligations under the terms of the written agreement, and that as a consequence of his oft-repeated promise to so perform, they were lulled into temporary inactivity. However, upon the foreclosure of the $9,605 encumbrance on the Berkeley property, the respondents were, ·for the first time, confronted with definite and incontrovertible evidence of the falsity of Duke's promises and the utter unfaithfulness of his purpose, and they thereupon, and in due season, proceeded to invoke the usual and ordinary processes of the law to undo the wrong done them. ■ We have but recently held that a delay in rescinding which is the result of indulgences extended to a defaulting party may not be availed of by him as showing laches on the part of his adversary, nor as constituting an affirmance of the contract by such adversary. (*Hunt* v. *Field*, 202 Cal. 701, 704 [262 Pac. 730].) ■ Moreover, respondents' efforts to have Duke perform as agreed were not pleaded by the appellants as an affirmance of the contract after breach. It is the settled law of this state that an estoppel to be available as a defense to an action must be specially pleaded. (*Producers Holding Co.* v. *Hill*, 201 Cal. 204, 209 [256 Pac. 207].) ■ Nor do we think respondents' conduct may properly be said to have worked a ratification of the escrow-holder's delivery of the Victoria deed. *Weghorst* v. *Clark*, 66 Colo. 535 [180 Pac. 742, 744], presented a situation somewhat analogous to the one now before us, in that the plaintiff in that case was seeking to rescind a contract covering an exchange of real properties and to secure a reconveyance of his lands because of the defendant's violation of the escrow instructions. In response to the contention that the plaintiff had ratified the improper delivery of the escrow instrument, the court stated: "True, he was

willing at all times to carry out the agreement according to its terms, and urged that that be done; and if it had been done the instrument would have been ratified and would have become a deed, but it was not done, and John R. Clark never signed or tendered a deed according to the terms of the contract, but refused to carry out the contract by paying the irrigation tax for 1913, by reason of which Weghorst rescinded. The conveyance, therefore, from Weghorst, never took effect.'' So it is in the present case. Respondents made many efforts to have Duke comply with the terms of his contract, and for a time accepted and relied on his promises of full and faithful performance thereof. In this he failed, and he is not now in a position to urge that respondents' conduct amounted to a ratification of the improper delivery by the escrow-holder of the deed to the Victoria property. Furthermore, a ratification, to be binding, must have been made with full knowledge of all the material facts. (*Dixon* v. *Bristol Sav. Bank*, 102 Ga. 461 [66 Am. St. Rep. 193, 31 S. E. 96, 99].) The conduct asserted to have worked a ratification of the delivery of the Victoria deed transpired at a time when the respondents believed, and justly so, that Duke, in good faith, intended to satisfy and discharge his obligations under the contract.

Title to the Victoria property not having passed to the appellant, G. E. Duke, his grantee, M. E. Duke, took nothing under the deed purporting to transfer and convey the same to her. On competent and sufficient evidence the trial court found that she had full knowledge of the respondents' claims and rights at the time of her asserted purchase of the premises. However, even if she were to be regarded as a *bona fide* purchaser for value, it would avail her nothing for, in line with the great weight of authority, it has been held in this state ''that the fraudulent procurement of a deed deposited as an escrow from the depositary by the grantee named therein will not operate to pass the title, and the subsequent purchaser from such grantee, without notice, and for a valuable consideration, derives no title thereby, and will not be protected.'' (*Gould* v. *Wise*, 97 Cal. 532, 536 [32 Pac. 576, 577, 33 Pac. 323].) In passing, it might be said that we are not now concerned, as

appellants would have us be, with the rights of persons who have neither been named nor appeared herein as parties. It is unnecessary, therefore, that we consider and determine what rights in the Victoria property, if any, an innocent encumbrancer under the Dukes may have procured by reason of their claim of title. However, appellants' query, "How about the innocent encumbrancer?" tends to indicate that they have failed to read the judgment actually entered in the cause, for it is therein provided, among other things, that the appellants execute and deliver and cause to be recorded and registered according to the forms and laws of British Columbia, a deed of conveyance of the Victoria property vesting in the respondents the title thereto "subject to an encumbrance of Thirty Thousand ($30,000.00) Dollars now of record . . . " The respondents have not appealed from that portion of the judgment purporting to subject their Victoria property to the lien of the $30,000 mortgage placed thereon by the Dukes.

Appellants' contention, raised in the lower court by means of demurrer, that the court was without jurisdiction to grant the relief sought, is, in our opinion, without merit. In 10 California Jurisprudence, 496, section 40, it is stated that "A court of equity having acquired jurisdiction of the parties may, by decree operating on them *in personam*, control their actions with regard to properties situated without the jurisdiction, when such action is necessary for a complete disposition of a controversy. Thus a court of equity has jurisdiction to compel a conveyance of real estate situated outside the state, through its control of the parties before it. . . . In cases of fraud, trust or contract, the jurisdiction of a court of chancery is upheld wherever the person is found, although lands in another state may be affected by the decree." The following authorities support the text: *Title Ins. etc. Co.* v. *California Dev. Co.*, 171 Cal. 173, 198 [152 Pac. 542]; *Peninsular Trading etc. Co.* v. *Pacific S. W. Co.*, 123 Cal. 689, 697 [56 Pac. 604]; *McGee* v. *Sweeney,* 84 Cal. 100 [23 Pac. 1117]; *Smith* v. *Davis,* 90 Cal. 25, 30 [25 Am. St. Rep. 92, 27 Pac. 26].

In conclusion, we find no error in the account made by the trial court. An accounting was well within the issues

of the cause, and the proper subject of adjudication by the court.

The judgment is affirmed.

Curtis, J., Langdon, J., Richards, J., and Seawell, J., concurred.

Rehearing denied.