[Civ. No. 2774.  Fourth Dist.  July 22, 1941.]

RUSSEL A. TULLY et al., Respondents, v. HERBERT L. BAILEY et al., Appellants.

Joseph O. Morris and Morton H. Eddy for Appellants.

Ray Howard and W. W. Comstock for Respondents.

MUNDO, J., *pro tem.*—This is an action to cancel certain deeds, to restrain defendants from making certain demands and committing certain acts, and to require defendants to execute waivers respecting certain real and personal property, a summer resort at Waupaca, Wisconsin. There are also a few articles of personal property located in California, but there is no real controversy respecting that property. It appears that Russel A. Tully, since 1931, has been the owner of the property; that Maude Downey was in possession thereof under a lease for life; that since her death the plaintiff Russel A. Tully has had exclusive possession of the property. While Maude Downey was in possession of the property she acted as agent for Tully in locating a purchaser of said property and for that purpose it was agreed that Russel A. Tully and his wife Annis Tully should execute a deed to be held by Maude Downey in order to facilitate the sale only, and not to be regarded as conveying any beneficial interest therein to Maude Downey. The deed was executed on September 6, 1935, and delivered to Maude Downey. Prior thereto, on or about March 10, 1931, Russel A. Tully, while a single man, had for the same purpose executed another deed and delivered same to Maude Downey. This deed is the subject matter of the second cause of action. Maude Downey left the deeds with the Scott Abstract Company for the purpose of consummating such intended sale when and if a purchaser thereof could be obtained. The property was not sold and the deeds were never recorded. When Maude Downey died on June 9, 1936, M. B. Scott was appointed administrator of her estate. As such administrator he had no design to claim the deeds as a part of Maude Downey's estate, and would not claim them unless a demand were made upon him by an heir of Maude Downey, in which event he would institute proceedings in the Wisconsin court having jurisdiction of the matter, for instructions, and to take title to the property if so instructed.

The heirs of Maude Downey are Mabel B. Howard and the defendants Herbert L. Bailey and Mary E. Potter, all of whom are within the State of California. The two defendants are asserting a claim under said deeds and are threatening to make a demand on Mr. Scott that he proceed to bring the property into the estate of Maude Downey so that it might be distributed to them.

The court found for the plaintiffs and decreed: (1) That plaintiff Russel A. Tully was, as against the defendants herein and each of them, the owner and entitled to the possession of the real and personal property herein referred to, and that the estate of Maude Downey, and the defendants herein as her heirs, has and have no interest therein, and that neither of the deeds herein referred to was delivered or intended to be delivered to Maude Downey, and that no title passed to her thereunder, and that any apparent title which did pass, and any actual title that might have passed to her, was only as trustee for Russel A. Tully and as his confidential agent, for the purpose of simultaneously conveying such title to a purchaser thereof for the sole account of Russel A. Tully, and that all claims of and acts by said defendants or either of them under either of said deeds constitutes an attempt to violate the confidence so reposed in Maude Downey. (2) That defendants are enjoined from asserting any claim under either of said deeds, either on behalf of said estate of Maude Downey or as her heirs, or making a demand upon M. B. Scott, as administrator of the estate of Maude Downey, deceased. (3) That as against defendants, said deeds are void and should be cancelled and that plaintiff Russel A. Tully was the owner of the personal property which had been removed to California. (4) That defendants are required and ordered to execute waivers of all claims upon all of said real and personal property, and Herbert L. Bailey is required to execute such waivers, stipulations and quitclaim deeds as shall be necessary or convenient for releasing said deeds from the custody of the clerk of the Circuit Court of Waupaca County, Wisconsin, and to procure a decree of said circuit court dismissing the action in said circuit court entitled *Herbert L. Bailey* v. *Russel A. Tully,* commenced on or about October 13, 1937.

Allen W. Scott was appointed as a commissioner of the court without bond for the purpose of doing each of said

acts so required of the defendants and with full authority so to do on behalf of the defendants and each of them.

Appellants do not contend that the findings are not supported by the evidence, but that the case is one "basically which seeks to change or directly affect the title to real property beyond the territorial limit of the jurisdiction of this court; that the controversy involved in this case should be judicially determined and settled where admittedly the things and property involved are located where the events occurred and where the larger number of the witnesses reside."

If we were to suppose that Maude Downey in her lifetime claimed the property as her own, there could be no doubt of the California court's right, if Maude Downey were in this state and properly served with process, to enjoin her assertion of title and require a reconveyance. And the same would seem to hold true in the case of appellants who were properly before the California court. Jurisdiction of the person in the state includes power to compel conveyance and waivers as to interests in lands outside the state. (*McGee* v. *Sweeney,* 84 Cal. 100 [23 Pac. 1117].) Such a decree does not operate directly upon the property nor affect the title. The decree is made effectual through the coercion of the parties by directing some action on their part or by enjoining them from doing a certain thing. (*Taylor* v. *Taylor,* 192 Cal. 71 [218 Pac. 756, 51 A. L. R. 1074].)

In *Redwood Investment Company* v. *Exley,* 64 Cal. App. 455 [221 Pac. 973], it was held that the court of a sister state has jurisdiction to entertain a bill in equity to compel specific performance of a contract to convey real property situated in this state where the plaintiff is a resident of such sister state and the defendant files an appearance in such action and makes defense. The court said (p. 459):

"There can be no question that real property is exclusively subject to the laws and jurisdiction of the state where located, and that no other laws or courts can affect it by an attempt to create, transfer or vest title thereto. Judgments or decrees, therefore, which are rendered in one state cannot of themselves affect title to lands in another. From the very nature of the property land must be governed by the *lex loci rei sitae.*

"But this does not mean that a decree directing a conveyance is without its effect *per se.* It may be pleaded as a basis

or cause of action or defense in the courts of the state where the land is situated, and is entitled in such a court to the force and effect of record evidence of the equities therein determined, unless it be impeached for fraud.''

The Supreme Court of the United States said in *Muller* v. *Dows,* 94 U. S. 444 [24 L. ed. 207] :

''It is here undoubtedly a recognized doctrine that a court of equity, sitting in a State and having jurisdiction of the person, may decree a conveyance by him of land in another State, and may enforce the decree by process against the defendant. True, it cannot send its process into that other State, nor can it deliver possession of land in another jurisdiction, but it can command and enforce a transfer of the title.''

In *Promis* v. *Duke,* 208 Cal. 420 [281 Pac. 613], the court held that even though the property covered by the deed improperly withdrawn from the escrow holder was situated outside of the state, the court having acquired jurisdiction of the parties had the power to grant the relief sought, namely, to declare a rescission of the contract covering the sale of the property, to have an accounting of the rents and profits received therefrom, and to secure a reconveyance of the property to the plaintiffs. (See also, *Peninsular Trading and Fishing Co.* v. *Pacific Steam Whaling Co.,* 123 Cal. 689 [56 Pac. 604].)

The rather early and oft-quoted case of *Smith* v. *Davis,* 90 Cal. 25 [27 Pac. 26, 25 Am. St. Rep. 92], held that a court of equity may appoint a trustee to carry out the terms of a trust respecting land in another state. On page 32 of the report it is stated :

''The decree of courts of equity primarily and properly act *in personam,* and at most collaterally only *in rem.* If the parties are within the jurisdiction of the court, an injunction will be granted to stay proceedings in a suit in a foreign country. A trust will be enforced pertaining to realty, regardless of the situation of the property. Courts of equity have, as between the parties, reviewed the judgments of foreign courts, and even sales made under those judgments, when fraud or undue advantage was shown. A specific performance of a contract of sale of lands situated in a foreign country will be decreed in equity . . . A decree to convey land, lying in another state does not affect the title ; it only operates upon

the person who is to make the conveyance, and it is his act in making the deed that affects the title.''

■ A court of equity will give such relief as its powers and territorial jurisdiction authorize it to give. It will not refuse any relief because it cannot give the full relief that plaintiff asks or because it cannot act directly upon the premises to which the relief relates. (*Hobbs* v. *Tom Reed Gold Mining Co.*, 164 Cal. 497 [129 Pac. 781, 43 L. R. A. (N. S.) 1112].)

In *Cole* v. *Manning*, 79 Cal. App. 55 [248 Pac. 1065], the court said (p. 63):

''While 'neither the decree nor any conveyance under it except by the party in whom title is vested is of any efficacy beyond the jurisdiction of the court,' and will not operate to change or directly affect the title to property in another state, nevertheless it was within the power of the court to direct a conveyance to be made by the defendant, and for that purpose it became necessary to first adjudicate ownership. The fact that an alternative direction to the clerk of the court to execute the deed was made a part of the decree does not, in our opinion, so far as this appeal is concerned, render the decree or that portion of it void, but, as held in *Fall* v. *Eastin*, (215 U. S. 1 [17 Ann. Cas. 853, 23 L. R. A. (N. S.) 924, 54 L. Ed. 65, 30 Sup. Ct. 3]) if executed, such deed will have no efficacy beyond the territorial limits of the court's jurisdiction.''

■ If, as we have shown, the court may decree a conveyance of land beyond its jurisdiction, it certainly has the power to require a quitclaim or waiver of interests in land outside its jurisdiction. Before the court would know whether it should make such an order, it necessarily would have to go into the question of ownership; it would have to find that plaintiffs were entitled to the property as against the defendants, but the court would have no jurisdiction to go beyond that and attempt to quiet title to the property beyond its territorial limits.

It was proper for the court to determine ownership in order to support its judgment compelling the defendants to quitclaim, and it cannot be said that paragraph I of the judgment does more than that; it does not purport to quiet title to the property and it cannot be so construed.

The injunctive relief granted by paragraph II of the judgment is within the jurisdiction of the court and proper under the evidence. We find no fault with paragraph III of

the judgment. The requirements of paragraph IV of the judgment respecting the execution of waivers are proper and so are the requirements respecting the action in the Wisconsin court, although it might have been better to have required the defendant Bailey in good faith to try to have that action dismissed rather than to have required him to procure a dismissal thereof.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.